UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, # 186788, *aka Charles Willis Lamb*, | ) C/A No. 8:09-3108-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Kirkland Correctional Institution, *X-Ray People Them*, | ) |
| Defendant. | ) |

This matter is before the court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] The plaintiff has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff's motion to proceed *in forma pauperis* should be denied, and the complaint should be dismissed *without prejudice* if he fails to pay the full three hundred fifty dollar ($350) filing fee. The plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

The plaintiff is incarcerated at the Lieber Correctional Institution of the South Carolina Department of Corrections. He has repeatedly filed civil actions which raise a deliberate indifference to medical needs claim against unspecified defendants concerning his hand. In fact, this is the twenty-ninth civil action filed by Plaintiff has filed in this court since August of 2008.

This court may take judicial notice[2] of the three (3) civil actions filed by the plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous,

---

[2] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

or because the named defendant(s) were immune from suit. *See Lamb v. Kirkland Correctional Institution Medical Agency*, No. 8:09-105-CMC-BHH (D.S.C. Feb. 25, 2009); *Lamb v. John Does, et al.*, No. 8:09-322-CMC-BHH (D.S.C. April 9, 2009); and *Lamb v. Kirkland Correctional Medical Staff*, No. 8:09-1854-CMC-BHH (D.S.C., Aug. 13, 2009).

The "STATEMENT OF CLAIM" portion of the complaint in this case reveals that this civil rights action arises out of the alleged failure of the x-ray staff at the Kirkland Correctional Institution to send the plaintiff to get a cast placed on his broken hand. The plaintiff seeks "Three (300) hundred Trillion Thousand Dollars" in damages. The above-captioned case is at least the third case filed against the Kirkland Correctional Institution or its personnel about x-rays. *See* the plaintiff's Complaint in *Charles Lamb v. Mrs. Ruefly Landon, X-Ray Nurse, Kirkland Correctional Institution Medical Staff*, Civil Action No. 8:09-0477-CMC-BHH. In a Report and Recommendation filed in Civil Action No. 8:09-0477-CMC-BHH on March 11, 2009, the undersigned recommended summary dismissal of the complaint because the allegations did not show deliberate indifference. The plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On April 9, 2009, the Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation.

In *Charles Lamb v. X-Ray Nurse, Kirkland Correctional Institution Medical Staff*, Civil Action No. 8:09-1655-CMC-BHH, the plaintiff on June 23, 2009, brought a civil rights action about the processing of x-rays at the Kirkland Correctional Institution. In a Report and Recommendation filed in Civil Action No. 8:09-1655-CMC-BHH on June 24, 2009, the

undersigned recommended summary dismissal of the complaint because the facts alleged did not constitute deliberate indifference to serious medical needs. The plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On July 15, 2009, Judge Currie adopted the Report and Recommendation.

In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3rd Cir. 2001); and *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis* as the plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this case, the plaintiff must pay the full $350 filing fee. If the plaintiff timely pays the full $350 filing fee, his complaint will, then, be subject to review by the undersigned to determine if service of process should be authorized.

### *Recommendation*

It is recommended that the plaintiff's motion to proceed *in forma pauperis* (Entry No. 2) be **denied**. It is further recommended that the District Court give the plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or a specific date determined by the United States District Judge) to pay the full $350 filing fee, so that this matter can be returned to the undersigned magistrate judge to conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. If the

plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further recommended that, by additional order of this District Court, the complaint be dismissed *without prejudice* and without issuance and service of process. The plaintiff's attention is directed to the Notice on the next page.

                                                      s/Bruce Howe Hendricks
                                                      United States Magistrate Judge

December 15, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).